UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-CR-20361-MIDDLEBROOKS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KRISTOPHER HENRIQSON,

    Defendant.
_____/

## REPORT AND RECOMMENDATION OF CHANGE OF PLEA

**THIS CAUSE** is before the undersigned upon an Order of Reference from the Honorable Donald M. Middlebrooks, United States District Judge for the Southern District of Florida, to conduct a hearing for acceptance of a guilty plea by the defendant in the above-referenced case. **[DE 31]**. This Court, having conducted a change of plea hearing on August 6, 2010, makes the following recommendation:

    1.    On August 6, 2010, this Court convened a hearing to permit Defendant to enter a change of plea in this case. This Court advised Defendant of the right to have these proceedings conducted by the District Judge assigned to the case. Further, this Court advised Defendant that this Court was conducting the change of plea hearing on an Order of Reference from the District Court and at the agreement of Defendant, defense counsel, and the Assistant United States Attorney assigned to the case. This Court further advised

CASE NO.: 10-CR-20361-MIDDLEBROOKS

Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence and would conduct a sentencing hearing at a time set by the District Court.

2. This Court advised Defendant that Defendant did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could require that the change of plea hearing be conducted only by a United States District Judge. Defendant, defense counsel, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to this Court conducting the change of plea hearing.

3. This Court conducted a plea colloquy as to Defendant in accordance with the outline set forth in the Bench Book for District Judges (5th Edition).

4. There is a written plea agreement in this case that has been entered into by the parties in this case. **[DE 39]**. This Court reviewed the plea agreement on the record and had Defendant acknowledge that Defendant signed the plea agreement. This Court also made certain that Defendant was aware of any minimum mandatory sentence and maximum sentence which could be imposed in this case pursuant to the plea agreement and the applicable statutes.

5. Defendant KRISTOPHER HENRIQSON, pled guilty to Counts 1 and 3 of the Indictment as follows:

Count I

CASE NO.: 10-CR-20361-MIDDLEBROOKS

On or about April 28, 2010, in Miami-Dade County, in the Southern District of Florida, the defendants, KRISTOPHER HENRIQSON...did knowingly and intentionally combine, conspire, confederate, and agree with each other, and with persons known and unknown to the Grand Jury, to commit violations of Title 18, United States Code, Section 1029(a)(2), namely, to knowingly, and with intent to defraud, traffic in and use one or more unauthorized access devices during any one-year period, and by such conduct obtain anything of value aggregating $1,000 or more during that period, said conduct affecting interstate and foreign commerce.

Count III

On or about April 28, 2010, in Miami-Dade County, in the Southern District of Florida, the defendants, KRISTOPHER HENRIQSON...during and in relation to a felony violation of Title 18, United States Code, Section 1029(b)(2), that is, conspiracy to commit access device fraud, as charged in Count I, did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person, as specified in each count below:

...

Count #3, Credit card # XXXX-XXXXXX-91009 "D.V."

...

In violation of Title 18, United States Code, Sections 1028A(a)(1) and (2).

6. The government stated a factual basis for the entry of the plea, which included all of the essential elements of the crimes to which Defendant is pleading guilty, and any sentencing enhancements and/or aggravating factors that may be applicable. The government also announced the possible maximum penalty in respect to the Indictment. Defendant acknowledged the possible maximum penalty which could be imposed in this case.

7. Based upon all the foregoing and the plea colloquy conducted by this Court, the undersigned recommends to the District Court that Defendant be found to have freely

CASE NO.: 10-CR-20361-MIDDLEBROOKS

and voluntarily entered a guilty plea to Counts 1 and 3 of the Indictment, as more particularly described herein, and that Defendant be adjudicated guilty of those offenses.

8. A pre-sentence investigation is being prepared for the District Court by the United States Probation Office, and sentencing for Defendant has been set for **Tuesday, October 19, 2010, at 11:00 a.m., at the United States District Court, Southern District of Florida, in the James Lawrence King Federal Justice Building, 11th Floor, Courtroom 1, 99 N.E. 4th Street, Miami, Florida**.

**ACCORDINGLY**, the undersigned recommends to the District Court that Defendant's plea of guilty be accepted, that Defendant be adjudicated guilty of the offenses to which the plea of guilty has been entered, and that a sentencing hearing be conducted for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with United States District Judge Donald M. Middlebrooks. Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. RTC v. Hallmark Builders, Inc., 996 F.2d 1144 (11th Cir. 1993); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988).

**DONE AND SUBMITTED** at Miami, Florida, this 9 day of August 2010.

**WILLIAM C. TURNOFF**
**UNITED STATES MAGISTRATE JUDGE**

cc: Hon. Donald M. Middlebrooks
Counsel of Record
United States Probation, U.S. District Court